Docket No. 23-13185-E

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

*In re Cobb County School District*

---

On appeal from the United States District Court
for the Northern District of Georgia

Civil Action File No. 1:22-CV-02300-ELR

---

## MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN
## SUPPORT OF PETITION FOR WRIT OF MANDAMUS

---

Philip W. Savrin
Jonathan D. Crumly
William H. Buechner, Jr.
Scott Eric Anderson
P. Michael Freed
FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
(770) 818-0000

*Attorneys for Petitioner*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

The following is a complete list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

1. ACLU Foundation of Georgia, Inc. – Counsel for Plaintiffs

2. Anderson, Scott Eric – Counsel for Petitioner

3. Buechner, Jr., William H. – Counsel for Petitioner

4. Cobb County Board of Elections and Registration – Defendant

5. Cobb County School District – Petitioner

6. Crumly, Jonathan, D. – Counsel for Petitioner

7. Daly, Hylah – Plaintiff

8. Dulcio, Jenne – Plaintiff

9. Eveler, Janine – Defendant (in her official capacity)

10. Freed, P. Michael – Counsel for Petitioner

11. Freeman Mathis & Gary, LLP – Counsel for Petitioner

12. Finn, Karen – Plaintiff

13. Ford, Dr. Jillian – Plaintiff

14. Galeo Latino Community Development Fund, Inc. – Plaintiff

15. Garabadu, Rahul – Counsel for Plaintiffs

16. Georgia Coalition for the Peoples Agenda, Inc. – Plaintiff

17. Gold, Sofia Fernandez – Counsel for Plaintiffs

18. Greenbaum, Jon – Counsel for Plaintiffs

19. Haynie, Litchfield & White, PC – Counsel for Defendants Cobb
County Board of Elections and Janine Eveler in her official
capacity

20. Heard, Bradley E. – Counsel for Plaintiffs

21. Houk, Julie M. – Counsel for Plaintiffs

22. Isaacson, Cory – Counsel for Plaintiffs

23. Koff, Douglas I. – Counsel for Plaintiffs

24. Lawyers' Committee for Civil Rights Under Law – Counsel for
Plaintiffs

25. League of Women Voters of Marietta-Cobb – Plaintiff

26. Loperfido, Jeff – Counsel for Plaintiffs

27. O'Donnell, Courtney – Counsel for Plaintiffs

28. May, Caitlin – Counsel for Plaintiffs

29.   Mott, Thomas L. – Counsel for Plaintiffs

30.   New Georgia Project Action Fund – Plaintiff

31.   Price, Savannah – Counsel for Plaintiffs

32.   Rosenberg, Ezra D. – Counsel for Plaintiffs

33.   Ross, Honorable Eleanor L. – United States District Judge

34.   Savrin, Philip W. – Counsel for Petitioner

Plaintiffs filed the case below seeking to force the judicial redrawing of the Cobb County Board of Education election map. They claim that the redistricted map drawn by the Cobb County School District ("District") and enacted into law by the State of Georgia in 2022 is an unconstitutional racial gerrymander. Plaintiffs initially sued the Cobb County Board of Elections ("Board of Elections") only, even though it played no role in creating or enacting the map. For that reason, the Board of Elections repeatedly stated that it had no interest in defending the constitutionality of the map. So the District successfully intervened under Fed. R. Civ. P. 24 upon showing that it had a legally protectable interest that the Board of Elections refused to protect. But the District Court revoked the District's intervention rights and prohibited it from further participating in the case on September 12, 2023.

The District filed its Petition for Writ of Mandamus on September 28, 2023, seeking to have its intervention rights restored. The Petition explained how the District's legally protectable rights that warranted intervention as of right remain unchanged. As a result, the District Court lacked the discretion to revoke the District's intervention rights.

The Petition further demonstrated that a writ of mandamus is the District's only adequate remedy. The Board of Elections had doubled down on its refusal to contest Plaintiffs' claim, paving the way for them to obtain relief without any opposition.

Since then, Plaintiffs and the Board of Elections have agreed to a Stipulated Settlement Agreement. That Agreement *contractually prohibits* the Board of Elections from offering any resistance to Plaintiffs' attempts to redraw the map. It guarantees that the District Court will hear only one side of the case and virtually ensures the Plaintiffs will scheme to skate to victory without opposition will be rewarded.

The District seeks leave to file a Supplemental Brief in Support of its Petition for Writ of Mandamus to provide details on these recent developments and their effect on the need for mandamus relief. The District provides a copy of its proposed Supplemental Brief as Exhibit 1 to this Motion.

*[Signatures on the following page]*

6

*/s/ P. Michael Freed*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
Jonathan D. Crumly
Georgia Bar No. 199466
jonathan.crumly@fmglaw.com
William H. Buechner, Jr.
Georgia Bar No. 086392
bbuechner@fmglaw.com
Scott Eric Anderson
Georgia Bar No. 105077
scott.anderson@fmglaw.com
P. Michael Freed
Georgia Bar No. 061128
michael.freed@fmglaw.com

*Attorneys for Petitioner*
*Cobb County School District*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(833) 330-3669 (facsimile)

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) this document contains 352 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

Dated: October 12, 2023.

/s/ *P. Michael Freed*
P. Michael Freed
Georgia Bar No. 061128

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the

foregoing **Motion for Leave to File Supplemental Brief in Support**

**of Petition for Writ of Mandamus** to the Clerk of Court using the

CM/ECF system which will automatically send electronic mail

notification of such filing to counsel of record who are CM/ECF

participants.

Dated: October 12, 2023.


/s/*P. Michael Freed*
P. Michael Freed
Georgia Bar No. 061128

EXHIBIT 1

Docket No. 23-13185-E

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

*In re Cobb County School District*

---

On appeal from the United States District Court
for the Northern District of Georgia

Civil Action File No. 1:22-CV-02300-ELR

---

## SUPPLEMENTAL BRIEF IN SUPPORT OF PETITION FOR
## WRIT OF MANDAMUS

---

Philip W. Savrin
Jonathan D. Crumly
William H. Buechner, Jr.
Scott Eric Anderson
P. Michael Freed
FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
(770) 818-0000

*Attorneys for Petitioner*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

The following is a complete list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

1. ACLU Foundation of Georgia, Inc. – Counsel for Plaintiffs

2. Anderson, Scott Eric – Counsel for Petitioner

3. Buechner, Jr., William H. – Counsel for Petitioner

4. Cobb County Board of Elections and Registration – Defendant

5. Cobb County School District – Petitioner

6. Crumly, Jonathan, D. – Counsel for Petitioner

7. Daly, Hylah – Plaintiff

8. Dulcio, Jenne – Plaintiff

9. Eveler, Janine – Defendant (in her official capacity)

10. Freed, P. Michael – Counsel for Petitioner

11. Freeman Mathis & Gary, LLP – Counsel for Petitioner

12. Finn, Karen – Plaintiff

13.  Ford, Dr. Jillian – Plaintiff

14.  Galeo Latino Community Development Fund, Inc. – Plaintiff

15.  Garabadu, Rahul – Counsel for Plaintiffs

16.  Georgia Coalition for the Peoples Agenda, Inc. – Plaintiff

17.  Gold, Sofia Fernandez – Counsel for Plaintiffs

18.  Greenbaum, Jon – Counsel for Plaintiffs

19.  Haynie, Litchfield & White, PC – Counsel for Defendants Cobb County Board of Elections and Janine Eveler in her official capacity

20.  Heard, Bradley E. – Counsel for Plaintiffs

21.  Houk, Julie M. – Counsel for Plaintiffs

22.  Isaacson, Cory – Counsel for Plaintiffs

23.  Koff, Douglas I. – Counsel for Plaintiffs

24.  Lawyers' Committee for Civil Rights Under Law – Counsel for Plaintiffs

25.  League of Women Voters of Marietta-Cobb – Plaintiff

26.  Loperfido, Jeff – Counsel for Plaintiffs

27.  O'Donnell, Courtney – Counsel for Plaintiffs

28.  May, Caitlin – Counsel for Plaintiffs

29.   Mott, Thomas L. – Counsel for Plaintiffs

30.   New Georgia Project Action Fund – Plaintiff

31.   Price, Savannah – Counsel for Plaintiffs

32.   Rosenberg, Ezra D. – Counsel for Plaintiffs

33.   Ross, Honorable Eleanor L. – United States District Judge

34.   Savrin, Philip W. – Counsel for Petitioner

# TABLE OF CONTENTS

**Corporate Disclosure** ............................ Error! Bookmark not defined.

**Table of Contents** ................................................................... iv

**Table of Authorities** ................................................................ v

**Introduction** ............................................................................ 1

**Recent Factual Developments** ............................................... 1

**Argument** ................................................................................ 3

**Conclusion** .............................................................................. 7

**Certificate of Compliance** ..................................................... 9

**Certificate of Service** ........................................................... 10

# TABLE OF AUTHORITIES

## Cases

*In re Sec'y, Fla. Dep't of Corr.*, 2020 WL 1933170 (11th Cir. Mar. 30, 2020) ................................................................................................ 11

*Motel 6 Multipurpose, Inc.*, 130 F.3d 999 (11th Cir. 1997) .................... 11

*United States v. State of Ga.*, 19 F.3d 1388 (11th Cir. 1994) ................. 11

## INTRODUCTION

The Cobb County School District's ("District") grave concerns that prompted it to file its Petition for Writ of Mandamus have since come to fruition. Recent developments have increased the urgency the District previously explained in its Petition. The only party "Defendant", Cobb County Board of Elections and Registration ("Board of Elections") has approved a Stipulated Settlement Agreement with Plaintiffs that converts its commitment to surrender into a contractual obligation. Plaintiffs and their politically aligned allies on the Board of Elections acted in tandem to pave the way for Plaintiffs to redraw the Cobb County Board of Education election map without any governmental agency defending the constitutionality of the redistricted map enacted into law by the State of Georgia. These developments crystalize the need for mandamus relief; it is the only remedy to prevent the litigation below from becoming a sham and to protect the integrity of the democratic processes that produced the redistricted map.

## RECENT FACTUAL DEVELOPMENTS

The Board of Elections, the lone "defendant" below, met for its regularly scheduled monthly meeting on October 9, 2023. (*See* https://www.cobbcounty.org/elections/about/board, last visited Oct. 11,

1

2023.) During the meeting, the Board moved into executive session to discuss "a litigation matter." (*See* Video of Cobb County Board of Elections and Registration Meeting – 10/09/23, available at https://www.youtube.com/watch?v=pt-l1xdqjy4 at 33:35-34:11, last visited Oct. 11, 2023.) After reconvening, Board Member Mosbacher made the following motion:

> Motion to approve the proposed stipulated settlement agreement in the case of Finn v. Cobb County Board of Elections and Registration for the Northern District of Georgia, [ ] attached as Exhibit A,[1] and to authorize counsel to undertake any actions necessary to implement the settlement agreement moving forward, including actions necessary to draft and enter into the consent agreement called for under this stipulated settlement agreement.

(*Id.* at 1:28:13-1:28:52.) Board Member Bruning seconded the motion, and the Board approved it by a vote of 4-1. (*Id.* at 1:28:52-1:29:18.) The Board conducted no further discussion on the record or publicly disclose any details about the stipulated settlement agreement.

---

[1] A copy of the Motion along with the referenced Stipulated Settlement Agreement approved by the Board of Election is attached here as Exhibit A.

2

The Stipulated Settlement Agreement memorializes the Board of Elections' capitulation. It gives lip service to requiring Plaintiffs "to prove the merits of their claims to the Court" (Stipulated Settlement Agreement at 4) but ensures that no one will stand in their way. The Board of Elections is now contractually forbidden from opposing Plaintiffs' forthcoming motion for a preliminary injunction.[2] (*Id.* at 5.) That motion will request the District Court impose a "remedial map"—through enactment by the General Assembly or on its own—by January 22, 2024, to ensure implementation for the 2024 election cycle. (*Id.* at 5.) If the District Court grants the motion and implements a "remedial map," the Board of Elections promises to enter into a Consent Agreement "to ensure that the new remedial map is put into place until the next redistricting cycle, or as otherwise required by law." (*Id.* at 7.)

## ARGUMENT

The Stipulated Settlement Agreement moves Plaintiffs one step closer to realizing their carefully orchestrated partisan objective. They

---

[2] The Board of Elections further agrees that it will not file any dispositive motion or any response to motions filed by third-parties or intervenors, and it waives any right to appeal, seek a motion to stay, or modify any order entered by the District Court. (Id. at 7-9.)

3

have now *guaranteed* that the District Court will hear only one side of the story. The Agreement ensures the District Court will be deprived of expert testimony[3] and legal argument showing that the redistricted map complied with the Equal Protection Clause. Without that opposition, the District Court would be presented no evidence beyond that submitted by Plaintiffs, leaving no practical ability to approve a map different than what they present.

From there, the procedure the Agreement outlines is a practical farce. Plaintiffs intend to seek an order from the District Court that provides "the Georgia General Assemble the first opportunity to draw a new redistricting plan for the School Board districts within the time set by the Court, subject to the Court's review and approval." (*Id.* at 6.) Yet the Agreement clarifies that Plaintiffs will request any new map be ordered by the Court no later than January 22, 2024, to ensure timely implementation. (*Id.*) The General Assembly's legislative session begins on January 8, 2024. *See* GA. CONST. ART. III, § 4, ¶ I (providing that the General Assembly shall meet annually on the second Monday of

---

[3] As the District stated in its Petition, it has retained expert witnesses and stands ready to disclose them and offer them for deposition if permitted to do so.

January). So the Agreement's timetable would require the General Assembly to hurriedly draw a new map, pass it through both chambers, obtain the Governor's signature, and then the Court's approval, all within 14 days. That belies reality.

The far more likely result is that the State will be unable to meet that unrealistic deadline. In that event, the Agreement provides that "the Court will supervise the implementation of a remedial map with input from the Parties." (*Id.* at 6.) But the Board of Elections has disclaimed any interest in the makeup of the map. So their "input" will be meaningless. Instead, the District Court will likely be presented with only one map that serves Plaintiffs' political interests.

The District stressed in its Petition that it will suffer irreparable harm "if Plaintiffs can seek relief from the District Court without any opposition or if they reach a settlement without its participation." (Petition at 21.) The latter has now occurred, which guarantees the former will, too.

Meanwhile, the District Court has yet to address the District's September 21, 2023 Emergency Motion for Reconsideration of its order banishing it from the case. (Docs. 178, 181.) Plaintiffs responded on

October 5, 2023. (Do. 184.) But, notably, they did not attempt to show how the District's interests that warranted intervention have been eradicated by the District Court's order on its Motion for Judgement on the Pleadings. Nor can they. The District demonstrated its legally protectable interest in defending the redistricted map when it moved to intervene. That interest is as real today as it was when the District Court granted intervention. As a result, the District Court lacked the discretion to revoke the District's intervention rights just as it lacked the discretion to deny intervention at the outset. *See United States v. State of Ga.*, 19 F.3d 1388, 1393 (11th Cir. 1994) ("Once a party establishes all the prerequisites to intervention, the district court has no discretion to deny the motion.").

The District Court's abuse of that discretion warrants a writ of mandamus. *See Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1004 (11th Cir. 1997) ("We may issue the writ 'only in drastic situations, when no other adequate means are available to remedy a clear usurpation of power *or abuse of discretion*.'") (emphasis added); *In re Sec'y, Fla. Dep't of Corr.*, 2020 WL 1933170, at *1 (11th Cir. Mar. 30, 2020) ("[W]e find that the petitioner has demonstrated that its right to the writ is clear

and indisputable because the district court clearly abused its discretion in denying the motion for a protective order."). And, as discussed above, the Stipulated Settlement Agreement between Plaintiffs and the Board of Elections further shows that mandamus is the District's only adequate remedy.

## CONCLUSION

For these reasons, and those discussed in its Petition, the District requests that this Court issue a writ of mandamus.

*/s/ P. Michael Freed*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
Jonathan D. Crumly
Georgia Bar No. 199466
jonathan.crumly@fmglaw.com
William H. Buechner, Jr.
Georgia Bar No. 086392
bbuechner@fmglaw.com
Scott Eric Anderson
Georgia Bar No. 105077
scott.anderson@fmglaw.com
P. Michael Freed
Georgia Bar No. 061128
michael.freed@fmglaw.com

*Attorneys for Petitioner*
*Cobb County School District*

7

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(833) 330-3669 (facsimile)

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Fed. R. App. P. 21(d)(1) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) this document contains 1,164 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

Dated: October 12, 2023.

/s/ *P. Michael Freed*
P. Michael Freed
Georgia Bar No. 061128

9

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically submitted the foregoing **Supplemental Brief in Support of Petition for Writ of Mandamus** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants.

Additionally, per Fed. R. App. P. 21(a)(1), I am serving a copy of this **Supplemental Brief in Support Petition for Writ of Mandamus** on the District Court judge.

/s/ *P. Michael Freed*
P. Michael Freed
Georgia Bar No. 061128

Motion to approve the proposed Stipulated Settlement Agreement in the case of *Finn v. Cobb County Board of Elections and Registration, et al*. US District Court for the Northern District of Georgia, Civil Action File No. 1:22-cv-2300, attached as Exhibit "A," and to authorize counsel to undertake any actions necessary to implement the settlement agreement moving forward, including actions necessary to draft and enter into the Consent Agreement called for under this Stipulated Settlement Agreement.

# Exhibit "A"

Stipulated Settlement Agreement
Finn, et al. v. Cobb County Board of Elections and
Registration, et al.
US District Court N. D. Ga.
CAF 1:22-cv-2300

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

KAREN FINN, DR. JILLIAN FORD,
HYLAH DALY, JENNE DULCIO,
GALEO LATINO COMMUNITY
DEVELOPMENT FUND, INC.,
NEW GEORGIA PROJECT ACTION
FUND, LEAGUE OF WOMEN VOTERS
OF MARIETTA-COBB, and
GEORGIA COALITION FOR THE
PEOPLE'S AGENDA, INC.,

Plaintiffs

-v-

COBB COUNTY BOARD OF
ELECTIONS AND REGISTRATION, *et al*.,

Defendants.

Case No.  1:22-cv-2300-ELR

## STIPULATED SETTLEMENT AGREEMENT

The Stipulated Settlement Agreement (this "Agreement") is made by and

between Plaintiffs Karen Finn, Dr. Jillian Ford, Hylah Daly, Jenne Dulcio, GALEO

Latino Community Development Fund, Inc., New Georgia Project Action Fund,

League of Women Voters of Marietta-Cobb, and Georgia Coalition for the People's

Agenda, Inc. (the "Plaintiffs") and Defendants Cobb County Board of Elections and

Registration and Janine Eveler,[1] in her official capacity as Director of the Cobb County Board of Elections and Registration (the "Election <u>Defendants</u>" and, together with the Plaintiffs, the "<u>Parties</u>").

WHEREAS, Plaintiffs filed a Complaint on June 9, 2022, in the United States District Court for the Northern District of Georgia, commencing a lawsuit entitled *Finn et al. v. Cobb County Board of Elections and Registration et al.*, Civil Action No. 1:22-cv-2300-ELR (the "<u>Lawsuit</u>") against Election Defendants, alleging that Cobb County Board of Education (the "<u>School Board</u>") Districts 2, 3, and 6 as configured in the redistricting map enacted into law on March 2, 2022 (the "School Board District Map"), constitute racial gerrymanders in violation of the Fourteenth Amendment to the United States Constitution. Plaintiffs filed an Amended Complaint on August 19, 2022;

WHEREAS, on July 29, 2022 Election Defendants moved to dismiss the original Complaint, which was later mooted by the Plaintiffs' filing of their Amended Complaint;

---

[1] As noted in the Parties' Consent Motion to Modify the Scheduling Order, ECF No. 180, Defendant Janine Eveler retired from her position as Director of the Cobb County Board of Elections and Registration effective May 5, 2023. *Id*. at n. 1. Gerry Miller has been appointed as Interim Director as of August 1, 2023. *Id*. Defendants have agreed to work with Plaintiffs to substitute Mr. Miller as defendant for Ms. Eveler, and again after the search for a permanent Director is complete. *Id*.

WHEREAS, on September 9, 2022 Election Defendants moved to dismiss Plaintiffs' Amended Complaint on jurisdictional grounds, including that they were not the proper parties to be named as defendants in this case, but such motion was denied by the Court in its Order of July 18, 2023;

WHEREAS, Cobb County School District, with the consent of all Parties, was permitted to intervene as a defendant in this matter as of January 30, 2023, but then moved for judgment on the pleadings on March 31, 2023, resulting in its dismissal from the case pursuant to the Court's Order of July 18, 2023;

WHEREAS, the Court in a status teleconference on September 12, 2023 stated that it "grant[ed] the [District's] Motion for Judgment on the Pleadings in the [July 18 Order,] [a]nd although that Order didn't explicitly direct the Clerk of Court to enter the judgment and terminate the [District] from the docket, that was the intended effect of granting the [District's] Motion for Judgment on the Pleadings." The Court also stated that "[i]t's the Court's position that, as of July 18th, 2023, the [District] was dismissed from the case and has not been a party defendant since that time," (Ex. A, Tr. 5:5-10-13.);

WHEREAS, the Election Defendants continue to maintain the position they have adopted since the outset of this litigation –they are not the proper party to defend against the allegations made in the Amended Complaint, including the constitutionality of the School Board District Map or the map drawing process;

3

WHEREAS, Plaintiffs seek prospective declaratory and injunctive relief in advance of the 2024 election cycle;

WHEREAS, Election Defendants, as neutral election administrators who run elections using local redistricting maps, but do not participate in the process of drafting, approving, adopting, or enacting them, decline to take a position in support of or against the School Board District Map and desire that any resolution of this matter require the Plaintiffs to prove the merits of their claims to the Court;

WHEREAS, Plaintiffs believe they are likely to succeed on the merits by showing that race predominated in the drawing of the challenged districts of the School Board District Map, and that the use of race in drawing the challenged districts did not satisfy strict scrutiny. Plaintiffs will present this in greater detail in their forthcoming Motion for Preliminary Injunction;

WHEREAS, in the event the Court grants Plaintiffs' Motion for Preliminary Injunction, Election Defendants and Plaintiffs request that any remedial measures implemented by the Court permit the Georgia General Assembly a reasonable opportunity to adopt a new redistricting plan;

WHEREAS, Election Defendants, who are charged with implementing the School Board District Map, are concerned about the costs of defending a lawsuit over a map that they did not draw and legislation they did not enact, and the potential for Plaintiffs to obtain an order from the Court compelling Election Defendants to

4

pay costs, expenses, and fees, including reasonable attorney's fees pursuant to 52 U.S.C. § 10310(e) and 42 U.S.C. § 1988, should Plaintiffs ultimately prevail on the merits;

WHEREAS it is the desire of the Parties to resolve all disputes as between them to settle the Lawsuit and avoid unnecessary litigation.

## TERMS OF SETTLEMENT

NOW, THEREFORE, in consideration of the mutual covenants contained herein, and in exchange for good, adequate, and sufficient consideration described herein, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

### A. Plaintiffs' Motion for Preliminary Injunction

1) Plaintiffs shall file a Motion for Preliminary Injunction ("MPI") seeking relief in advance of the 2024 election cycle, in accordance with any schedule set forth by the Court.

2) Election Defendants shall take no position with respect to Plaintiffs' MPI and shall not file any opposition in response to the MPI.

3) Pursuant to the Parties' Stipulation as set forth in ECF No. 180, neither Party shall request a hearing for the MPI. *Id*. at 2. If the Court sets a hearing for the MPI, Election Defendants shall not present arguments or submit evidence in opposition to the MPI.

5

4) Pursuant to the Parties' Stipulation as set forth in ECF No. 180, the relief requested in Plaintiffs' MPI will be that the Court provide the Georgia General Assembly the first opportunity to draw a new redistricting plan for the School Board districts within the time set by the Court, subject to the Court's review and approval. *Id*. at 2-3. Plaintiffs will also request that if the General Assembly fails to draw a new map in the time set forth by the Court or if the map drawn by the General Assembly fails to meet the Court's approval, the Court will supervise the implementation of a remedial map with input from the Parties. *Id*. at 3.

5) Pursuant to the Parties' Stipulation as set forth in ECF No. 180, should the Court issue an order preliminarily enjoining the School Board District Map by December 15, 2023, and an order adopting an interim remedial School Board map by January 22, 2024, six weeks prior to the beginning of the anticipated candidate qualifying period,[2] Election Defendants agree they will have sufficient time to fully administer the May 21, 2024 state and county primary election and subsequent elections, including the implementation of an interim remedial map for School Board races and public education and notice actions in the usual course of an election, to avoid voter confusion. *Id*. at 3.

---

[2] Pursuant to O.C.G.A. § 21-2-152(c)(1)(A), the school board candidate qualifying period for the May 21, 2024 state and county primary begins on March 4, 2024 (the Monday of the 11th week prior to the state and county primary scheduled on May 21, 2024).

6

6) If a new remedial map is approved by the Court as the result of Plaintiffs' MPI, the Parties agree that map will serve as the district lines for Cobb County Board of Education elections in the 2024 election cycle.[3]

7) If a new remedial map is approved by the Court as the result of Plaintiffs' MPI, the Parties shall enter into a Consent Agreement no later than 30 days after the Court approves a new remedial map to ensure that the new remedial map is put into place until the next redistricting cycle, or as otherwise required by law. The Parties may agree to modify the number of days in which to enter into a Consent Agreement. No later than 30 days after entering into such a Consent Agreement, the Parties will file a Joint Motion to Approve the Stipulated Settlement Agreement to approve the Consent Agreement. The Parties may agree to modify the number of days in which to file a Joint Motion to Approve the Stipulated Settlement Agreement to approve the Consent Agreement.

**B. Other Motions**

8) Election Defendants shall not file any further dispositive motions in this action, including but not limited to any Motions for Summary Judgment. Joint

---

[3] This includes the May 21, 2024 General Primary / Nonpartisan Election, the June 18, 2024 General Primary / Nonpartisan Election Runoff, the November 5, 2024 General Election, and the December 3, 2024 General Election Runoff.

dispositive motions with Plaintiffs to effectuate this or subsequent agreements shall not be subject to this provision.

9)  Election Defendants shall not file a response to any other motions by third parties or potential third parties in this action, including but not limited to any Motions for Summary Judgment, Motions for Reconsideration, or Motions to Intervene. Joint responses with Plaintiffs to third-party motions or motions by potential third parties shall not be subject to this provision.

10)    In the event of intervention being granted for a third party, Election Defendants shall not take any position on any filings, hearings, or arguments by any third party before the district court concerning the legality of any version of any School Board map, including issues related to map composition or design or any order entered by the District Court in this action concerning a dispositive motion.

## C. Waiver of Attorneys' Fees, Expenses, and Costs

11)    Plaintiffs will waive any right to an award of attorneys' fees, expenses, and costs as against Election Defendants, regardless of whether Plaintiffs' requested relief is granted by the Court.

## D. Waiver of Right to Appeal or Right to Motion for Stay

12)    Election Defendants waive any right to appeal or to seek a motion to stay or modify any order entered by the District Court in this action consistent with the

terms of this Agreement. This waiver shall apply regardless of whether any third parties intervene in this action and/or appeal, move to stay, modify or otherwise contest any order or ruling by the District Court before the District Court or any appellate court; provided such action and/or appeal, motion to stay, modification or contest of any order or ruling by the District Court before the District Court or any appellate court does not modify, conflict or otherwise result in altering the terms of this Agreement.  In the case of an appeal brought by a third party, Election Defendants shall not take any position on any filings, hearings, or arguments by any third party before the appellate court concerning the legality of any version of any School Board map, including issues related to map composition or design or any order entered by the District Court in this action concerning a dispositive motion.

13)    If Election Defendants violate the provisions set forth under this Agreement, Election Defendants will be in breach of this Agreement and Plaintiffs' waiver of any right to seek attorneys' fees, expenses, and costs as to Election Defendants shall be rescinded. In the event Plaintiffs violate the terms of this agreement, Election Defendants may rescind their agreement to not file any responses to dispositive motions, may exercise their discretion to oppose the relief sought by Plaintiffs, and may seek attorney's fees related to its enforcement of this agreement.

**E. No Admission of Liability**

14)    The Parties agree that the execution of this Agreement is done solely for the purposes of compromise, to eliminate the burden and expense of further litigation, and to conserve the use of public resources, and does not constitute, and shall not be construed as, an admission of liability, wrongdoing, fault, judgment or concession, or as evidence with respect thereto, by Election Defendants, on account of any claims or matters arising between Plaintiffs on the one side and the Election Defendants on the other side, any such liability being specifically denied. The Parties further agree that this Agreement shall not be offered or received against any of the Parties as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Agreement, provided, however, that the Election Defendants may refer to it to effectuate the liability protection granted them hereunder.

**F. Representation and Warranties**

15)    Election Defendants represent and warrant that they have full power and authority to execute this Agreement so executed and to perform their obligations hereunder, that the execution and performance by Election Defendants of this

Agreement have been duly authorized by all necessary stakeholders on its part, that this Agreement is a valid and binding obligation of it, enforceable against it in accordance with its terms, and that the person executing this Agreement on its behalf is authorized and empowered to do so.

**G. Miscellaneous**

16)    This Agreement will be binding upon and will inure to the benefit of the Parties and their heirs and assigns.

17)    No amendments of this Agreement will be valid unless made in writing and signed by all the Parties.

18)    This Agreement shall not be admissible in any proceeding under Federal Rule of Evidence 408 for any purpose other than to enforce the terms of this Agreement.

19)    This Agreement, including any referenced Exhibits attached hereto, constitutes the entire agreement and understanding between and among the Parties with respect to the subject matter hereof and supersedes all other prior or contemporaneous oral agreements, understandings, undertakings, and negotiations. No amendments to this Agreement will be valid unless made in writing and signed by all of the signatories hereto.

20)    This Agreement may be executed in duplicate counterparts, each of which will be deemed an original, with the same effect as if the signatures thereto were on

the same instrument. Each signatory to this Agreement may execute this Agreement by email of a scanned copy of the signature page, which shall have the same force and effect as if executed on an original copy.

21)    The Parties further agree to cooperate fully to execute any and all supplementary documents that the Parties jointly agree are necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

22)    The Parties understand that they have the right to obtain legal counsel to review and evaluate this Agreement and attest that they have done so or else have agreed to waive this right.

23)    If, after the date hereof, any provision of this Agreement is held to be illegal, invalid, or unenforceable, the remaining provisions shall continue in full force and effect.

24)    It is the intent of the Parties that no part of this Agreement is to be presumptively construed against or in favor of any signatory because of the identity of the drafter.

25)    No breach of any provision hereof can be waived by any Party unless executed by such party in writing. Waiving of any one breach by a Party shall not be deemed a waiver of any breach of the same or of any other provision herein.

26)    Paragraph headings contained herein are for purposes of organization only

and do not constitute a part of this Agreement.